UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 2/11/15

| JACOB FRYDMAN, | |
| --- | --- |
| Plaintiff, | |
| -against- | 14 Civ. 8084 (JGK) (JLC) |
| ELI VERSCHLEISER, MULTI CAPITAL GROUP OF COMPANIES, LLC, ERIC FISCHGRUND, RAUL DELFORNO, OPHIR PARNASI, ALEX ONICA, FRANK CHANDLER, CAESARS ENTERTAINMENT CORPORATION, and DOES 1 through 10 inclusive, | **ORDER TO SHOW CAUSE** |
| Defendants. | |
| UNITED REALTY ADVISORS, LP and JACOB FRYDMAN, | USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC# _____ DATE FILED: 2/11/15 |
| Plaintiffs, | |
| -against- | 14 Civ. 5903 (JGK) (JLC) *(Related Case)* |
| ELI VERSCHLEISER, RAUL DELFORNO, OPHIR PARNASI, and ALEX ONICA, | |
| Defendants. | |

Upon the annexed declarations of Craig Gould and plaintiff pro se Jacob Frydman ("Mr. Frydman" or "Frydman"), both dated December 29, 2014, the accompanying Complaint and Mr. Frydman's memorandum of law in support of his motion for a preliminary injunction, together with all exhibits thereto, it is hereby:

ORDERED, that

(i) the named defendants in the first action captioned above (14 Civ. 8084 (JGK) (JLC), the "RICO action") other than Caesars Entertainment Corporation, i.e., Eli Verschleiser ("Verschleiser"), Multi Capital Group of Companies, LLC, Eric Fischgrund, Raul DelForno, Ophir Parnasi, Alex Onica, and Frank Chandler, ~~(collectively the "Verschleiser RICO Defendants")~~;

(ii) Al Akerman ("Akerman"), David O. Wright, Esq. ("Wright") and Asher Gulko, Esq. ("Gulko"), whom Mr. Frydman alleges are Does 1 through 3 in the RICO action, ~~(collectively the "Verschleiser Co-Conspirators")~~; and

(iii) Elan Jaffa, Benjamin Fishoff, Mark Appel, Steven Veigh and Pinny Rand, whom Mr. Frydman alleges are limited partners in United Realty Advisors, L.P. ("URA"), his co-plaintiff in the second action captioned above (14 Civ. 5903 (JGK) (JLC), a related case), ~~and associates of Verschleiser (collectively the "Verschleiser Additional Associates")~~ (collectively the Opposing Parties) show cause before this Court, in Courtroom 12B of the United States Courthouse, 500 Pearl Street, in the City, County and State of New York, on January 15, 2015, at 10 o'clock in the a.m. thereof, or as soon thereafter as counsel may be heard, why (i) Mr. Frydman should not be granted leave to join URA and Prime United Holdings, LLC ("Prime United") as plaintiffs and Akerman, Wright and Gulko as defendants in the RICO action, pursuant to Rule 20(a) of the Federal Rules of Civil Procedure; (ii) Mr. Frydman should not be granted leave to serve a supplemental complaint setting out events that happened after the date of the RICO complaint, pursuant to Rule 15(d) of the Federal Rules of Civil Procedure; (iii) a protective order should not be granted redacting any reference, in all to the Court ~~filing this order to show cause application under seal, together with all related court filings and court orders~~ in connection with the application, ~~so as to avoid disclosure of the existence of what Mr. Frydman alleges is~~ of the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; (iv) a preliminary injunction should not be issued in the RICO action, pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, enjoining the Opposing Parties ~~Verschleiser RICO Defendants, the Verschleiser Co-Conspirators and the Verschleiser Additional Associates (collectively the "Verschleiser Parties")~~ as follows:

-2-

(a) Prohibiting the ~~Verschleiser~~ *Opposing* Parties and their employees, agents, directors, shareholders, successors, affiliates, subsidiaries and assigns ~~(also the "Verschleiser Parties"),~~ and all those acting in concert with any of them, including without limitation any entities controlled in whole or in part by any of the foregoing during the pendency of this action (also the "Verschleiser Parties"), from in any way, directly or indirectly, retaining, using, copying, publishing or further publishing, disseminating or further disseminating, or disclosing to any person or further disclosing to any person proprietary or confidential documents or information of the United Realty Group of Companies ("United Realty Group"), which Mr. Frydman alleges is comprised of URA, United Realty Trust Incorporated (a public REIT, "URTI" or the "REIT"), Prime United, Cabot Lodge and other affiliated entities (also collectively "United Realty Group"), ~~of Mr. Frydman or of any of his other business~~es (collectively "Proprietary Information"), in particular the following documents or information as alleged by him:



(ii) a proprietary shareholder list of investors in the REIT who are clients of Cabot Lodge (the "Proprietary Shareholder List"), including their names, addresses, social security numbers and other confidential private information;

(iii) a proprietary list of soliciting broker-dealers and registered representatives who are part of the URA selling group currently involved in the offering of more than $1 Billion of common stock in the REIT to the public (the "Proprietary Soliciting Broker-Dealer and Registered Representative List"), including their contact information; and

(iv) *the following* non-public financial information of United Realty Group, ~~including without limitation the following documents or information~~ as alleged by Mr. Frydman:

(1) the REIT's (i.e., URTI's) organization and offering expenses;

(2) the identities of Cabot Lodge's sales representatives, their gross commissions or their projected gross commissions;

(3) gross revenues and expenses of URA, Prime United or Cabot Lodge

(4) projected revenues and expenses of URA, Prime United or Cabot Lodge;

(5) other financial projections of URA, Prime United or Cabot Lodge; and

-3-

(6) preliminary or final financial statements of URA, Prime United or Cabot Lodge

(also collectively "Proprietary Information") obtained from any source, or any materials derived therefrom, and requiring such individuals and/or entities to return all Proprietary Information and all copies thereof immediately without retaining any copies or derivative works;

(b)  Granting Mr. Frydman, URA and Prime United expedited discovery on the limited subject of the misappropriation of Proprietary Information and any use, copying, publication, dissemination or disclosure thereof; and

(c)  Granting Mr. Frydman such other and further relief as may be just and proper.

It is FURTHER ORDERED that pending the hearing of Mr. Frydman's application for a preliminary injunction, and to prevent immediate and irreparable injury, loss and damage to Mr. Frydman, Prime United, URA and/or Cabot Lodge, as alleged in the accompanying declarations and memorandum of law, the ~~Verschleiser~~ Opposing Parties and all those acting in concert with any of them are hereby subject to a TEMPORARY RESTRAINING ORDER as follows:

(a) Prohibiting the ~~Verschleiser~~ Opposing Parties and all those acting in concert with any of them from in any way, directly or indirectly, ~~retaining~~, using, copying, publishing ~~or further publishing~~, disseminating ~~or further disseminating~~, or disclosing to any person or further disclosing to any person all proprietary or confidential documents or information of United Realty Group, Mr. Frydman or of any of his other businesses (collectively "Proprietary Information"), in particular the following documents or information:

[handwritten margin note: obtained or derived therefrom by Berman]



(ii) the Proprietary Shareholder List;

(iii) the Proprietary Soliciting Broker-Dealer and Registered Representative List; and

(iv) non-public financial information of United Realty Group, including without limitation the following documents or information:

(1) the REIT's (i.e., URTI's) organization and offering expenses;

(2) the identities of Cabot Lodge's sales representatives, their gross commissions or their projected gross commissions;

(3) gross revenues and expenses of URA, Prime United or Cabot Lodge;

(4) projected revenues and expenses of URA, Prime United or Cabot Lodge;

(5) other financial projections of URA, Prime United or Cabot Lodge; and

(6) preliminary or final financial statements of URA, Prime United or Cabot Lodge

(also collectively "Proprietary Information"); and ~~obtained from any source, or any materials derived therefrom, and requiring such individuals and/or entities to return all Proprietary Information and all copies thereof immediately without retaining any copies or derivative works;~~

(b) ~~Granting Mr.~~ Frydman, URA and Prime United ~~expedited~~ discovery on the limited subject of the misappropriation of Proprietary Information and any use, copying, ~~publication, dissemination or disclosure thereof; and~~

~~(c)~~ Directing the filing of this order to show cause application under seal, together with *for four (4) days to permit redaction* all related court filings and court orders, ~~so as to avoid disclosure~~ *reference to* ~~provided that after 4 days redacted copies, the Court papers shall~~ *be filed.*

It is FURTHER ORDERED that jurisdiction is retained by the Court for the purpose of enabling any party to the Temporary Restraining Order to apply to the Court at any time for such further orders and directions as may be necessary or appropriate for the construction of or the carrying out of the Temporary Restraining Order.

It is FURTHER ORDERED Mr. Frydman ~~need not~~ *shall* post security or bond *in the amount of $10,000 by 5:00 P.M. on January 7, 2015*.

It is FURTHER ORDERED that service of this Order to Show Cause, together with the papers on which it was granted, shall be deemed good and sufficient service if made by personal delivery, facsimile or email on the ~~Versehleiser Parties and Caesars Entertainment Corporation~~ *Opposing Parties and Caesars Entertainment Corporation* or their counsel on or before *5:00 P.M. on January 2, 2015*.

*Provided, however, that nothing in this Order shall bar any of the Opposing Parties from using any of the Proprietary Information in connection with the State Court litigation First Keystone Family Foundation v. Frydman, No. 653838/2014 (N.Y. Sup. Ct. filed 12/15/14). Any papers filed under seal in this action may be disclosed under seal in that state court action.*

SO ORDERED

_____
UNITED STATES DISTRICT JUDGE

Dated: New York, New York
       January 5, 2015

It is further ordered that expedited discovery may be taken in preparation for the preliminary injunction hearing. Such discovery is limited to two depositions per side of no longer than two (2) hours each, and no more than ten (10) Rule 34 requests per side.

Both sides may submit supplemental briefs in support of or in opposition to the application for a preliminary injunction by January 12, 2015 at 10:00 A.M. Briefs are not to exceed twenty (20) pages. Any reply briefs are to be filed by January 13, 2015 at 10:00 A.M. Reply briefs are not to exceed ten (10) pages. No further briefs or letters should be submitted. All submissions are to be filed simultaneously on ECF with a simultaneous faxed copy to the Court. So ordered.

  /s/ JGK
  U.S.D.J.

1/5/15
2:09 P.M.

-6-