**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| UNITED REALTY ADVISORS, LP and JACOB FRYDMAN, | |
| Plaintiffs, | 14 Civ. 5903 (JGK) (MHD) |
| – against – | |
| ELI VERSCHLEISER, RAUL DELFORNO, OPHIR PARNASI and ALEX ONICA | |
| Defendants. | |

---

| | |
|---|---|
| JACOB FRYDMAN, UNITED REALTY ADVISORS, LP and PRIME UNITED HOLDINGS, LLC, | |
| Plaintiffs, | 14 Civ. 8084 (JGK) (MHD) |
| – against – | |
| ELI VERSCHLEISER, ALBERT AKERMAN, DAVID O. WRIGHT, MULTI CAPITAL GROUP OF COMPANIES, LLC, RAUL DELFORNO, OPHIR PINHASI, ALEX ONICA, ALEX VEEN, SOFIA SVISCH, ALEXANDER MERCHANSKY and DOES 1 through 15 inclusive, | |
| Defendants. | |

---

**[PROPOSED] ORDER**

Upon the motion of Plaintiffs, JACOB FRYDMAN, UNITED REALTY ADVISORS,

LP and PRIME UNITED HOLDINGS, LLC, for leave to present the testimony of certain non-

party witnesses by remote means, IT IS HEREBY ORDERED that counsel for Plaintiffs,

JACOB FRYDMAN, UNITED REALTY ADVISORS, LP and PRIME UNITED HOLDINGS,

LLC, may present Brian Buehler and Intermedia.net, Inc. remotely.


Dated: _____, 2022        _____

                                             United States District Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED REALTY ADVISORS, LP and JACOB FRYDMAN, | 14 Civ. 5903 (JGK) (MHD) |
| Plaintiffs, | |
| – against – | **MOTION FOR LEAVE TO PRESENT WITNESS TESTIMONY VIA REMOTE MEANS** |
| ELI VERSCHLEISER, RAUL DELFORNO, OPHIR PARNASI and ALEX ONICA | |
| Defendants. | |
| JACOB FRYDMAN, UNITED REALTY ADVISORS, LP and PRIME UNITED HOLDINGS, LLC, | 14 Civ. 8084 (JGK) (MHD) |
| Plaintiffs, | |
| – against – | |
| ELI VERSCHLEISER, ALBERT AKERMAN, DAVID O. WRIGHT, MULTI CAPITAL GROUP OF COMPANIES, LLC, RAUL DELFORNO, OPHIR PINHASI, ALEX ONICA, ALEX VEEN, SOFIA SVISCH, ALEXANDER MERCHANSKY and DOES 1 through 15 inclusive, | |
| Defendants. | |

Federal Rule of Civil Procedure 43 provides that, "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location."  Fed. R. Civ. P. 43(a).  Where there is good cause, "the judge has discretion to allow live testimony" so long as there are appropriate

safeguards.  *Id*.; *see also Rodriguez v. Gusman*, 974 F.3d 108, 114 (2d. Cir. 2020) (citation and quotation marks omitted).

Plaintiffs seek to present two non-party witnesses as part of their case-in-chief at trial using advanced communications technology to permit them to testify remotely.  Brian Buehler is the former President of both United Realty, and United Realty Trust Incorporated, (the "REIT"), as well as the former head of the United Realty national sales team.  Mr. Buehler will testify to a range of events, including the damages incurred by Plaintiffs as a result of the loss of REIT investors or prospective investors, United Realty selling group or prospective selling group members, and other syndications as a result of the actions by Defendants to cause negative publicity for Plaintiffs.  Intermedia.net, Inc. is a technology company that, among other things, provided email exchange hosting services to Plaintiffs.  A corporate designee of Intermedia.net will be called to testify about, *inter alia*, Intermedia's hosting of the email exchange server used by United Realty, Multi Group, and Magenu; managing their respective email accounts; maintaining data and support records respecting administrative access to each of those email accounts; and the contents of the data logs maintained by Intermedia.net relating to user access to the Plaintiffs' email systems.  Mr. Bueller resides in California, and Intemedia.net is headquartered in California.

Neither of these witnesses are party to the action, such that their physical presence would be an imperative.  Instead, they will be called in only for a discrete period of time during the trial to provide their testimony.  Though Plaintiffs intend to present their witnesses in an orderly fashion, there are variables that are beyond Plaintiffs' control, including the amount of time that Defendants spend questioning each of Plaintiffs' witnesses and whether there is need for re-direct examination following Defendants' questioning.  This imprecise nature of trial witness

scheduling is less disruptive and challenging to witnesses who live in close proximity to the

location of trial.  As residents of distant states, however, these witnesses will be greatly burdened

if they need to adjust their travel schedule, as it would involve potentially shifting flight and

hotel plans. Moreover, Covid-19 still adds an additional hazard to interstate travel, one that need

not be imposed on these witnesses given the remote technology that exists.  *See*, *e.g.*, *Frias v.*

*Martinez*, No. 19-CV-2792 (RPK) (PK), 2021 U.S. Dist. LEXIS 120094 *2 (E.D.N.Y. June 28,

2021) (permitting the remote testimony of witnesses who would have to travel from California

and the Dominican Republic); *see also Morrison v. City of New York*, No. 1:14-cv-4508, 2022

U.S. Dist. LEXIS 90721 *1 (E.D.N.Y. May 19, 2022) (allowing defense expert to testify

remotely where the proceedings took place in New York and the witness lived in Florida and had

certain health issues); *see also Rinaldi v. SCA La Goutte*, *d'Or*, No. 16-CV-1901, 2022 U.S. Dist.

LEXIS 26024 *4-5 (S.D.N.Y. Feb. 14, 2022) (permitting a witness to testify from France).  For

the foregoing reasons, good cause exists to permit Mr. Buehler and Intermedia.net to testify

remotely at trial.

     Moreover, synchronization of audio and video feeds and other security safeguards render

the remote technology mechanisms entirely capable of providing the appropriate safeguards

required by Rule 43.  "Videoconference technology allows for live synchronized audio and

visual feeds, and courts have found such technology adequate in jury trials."  *Morrison*, 2022

U.S. Dist. LEXIS 90721 *2.

     No compelling reasons exist why these non-party witnesses should not be allowed to

testify using remote technology.  As this is a civil case, there are not the same constitutional

concerns as there might be when presenting a witness in a criminal case.  Even in criminal cases,

moreover, the courts have not held that the Sixth Amendment's Confrontation Clause is not

absolute.  *See*, *e.g.*, *United States v. Donziger*, No. 19-CR-561 (LAP), U.S. Dist. LEXIS 148029

*8-9 (S.D.N.Y 2020) (finding that the Court would decide on a case-by-case basis whether the

Government could present certain of its witnesses against the accused by remote video

testimony).

Instead, asking two non-party witnesses to fly across the country and be taken away from

their work and family obligations—while risking potential Covid-19 exposure—is unnecessary,

given that they can be presented using remote video technology.  For the foregoing reasons,

Plaintiffs respectfully request that this Court grant its motion and permit them to present Mr.

Buehler and Intermedia.net remotely.


Dated:  White Plains, New York
            June 9, 2022

                                        Respectfully submitted,


                                        /s/ *Steven R. Kramer*
                                        Steven R. Kramer, Esquire
                                        ECKERT SEAMANS CHERIN & MELLOTT, LLC
                                        10 Bank Street, Suite 700
                                        White Plains, NY  10606
                                        Telephone:  (914) 286-2815
                                        skramer@eckertseamans.com

                                        *Attorneys for Plaintiffs, UNITED REALTY*
                                        *ADVISORS, LP, JACOB FRYDMAN, and*
                                        *PRIME UNITED HOLDINGS, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 9th day of June, 2022, a true and correct copy of the foregoing MOTION FOR LEAVE TO PRESENT WITNESS TESTIMONY VIA REMOTE MEANS was filed with the Court via the Court's CM/ECF system and that a copy of the foregoing MOTION FOR LEAVE TO PRESENT WITNESS TESTIMONY VIA REMOTE MEANS will be electronically served on all counsel of record.

/s/*Steven R. Kramer*
Steven R. Kramer, Esquire

103481122.1