```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
--------------------------------------------------

**UNITED REALTY ADVISORS, LP, ET AL.,**

             Plaintiffs,

  - against -

**ELI VERSCHLEISER, ET AL.,**

             Defendants.

14-cv-5903 (JGK)

--------------------------------------------------

**JACOB FRYDMAN, ET AL.,**

             Plaintiffs,

  - against -

**ELI VERSCHLEISER, ET AL.,**

             Defendants.

14-cv-8084 (JGK)

<u>MEMORANDUM OPINION AND ORDER</u>

--------------------------------------------------

**JOHN G. KOELTL, District Judge:**

    The plaintiffs, Jacob Frydman, United Realty Advisors, LP, and Prime United Holdings, LLC, brought these consolidated cases against multiple defendants, asserting various federal and state-law claims arising out of a long-running dispute between Frydman and his former business partner, defendant Eli Verschleiser. Over the course of this eight-year litigation, many defendants were dismissed, and the plaintiffs sought and secured a default judgment against the defendant Multi Capital Group of Companies, LLC ("Multi Group"). Between October 24, 2022, and November 7, 2022, the plaintiffs tried their remaining claims against Verschleiser and defendant Ophir Pinhasi to a jury.

1

Following that trial, the jury awarded a sum total of $2,133,005 to the plaintiffs on certain of their claims against Verschleiser. The jury found in Pinhasi's favor on all counts against him. Pursuant to this Court's Order (ECF No. 586), the plaintiffs filed a proposed judgment on November 14, 2022. See Pl.'s Proposed Judgment, ECF No. 587. The defendants responded three days later. See Def.'s Response, ECF No. 588.

In their response, the defendants raise two main concerns: first, the defendants challenge the proposed award of prejudgment interest on the plaintiffs' claim for misappropriation of trade secrets, and second, the defendants argue that the plaintiffs must pay costs incurred in the time after the defendants made an unaccepted offer to settle the action. The Court addresses each of these contentions, as well as several other issues raised by the plaintiffs' proposed judgment and the defendants' response. Judgment will be entered upon the filing of this Memorandum Opinion and Order.

I.

The principal dispute affecting the judgment concerns whether the plaintiffs are entitled to prejudgment interest on the jury's damages award in connection with their state-law claim against Verschleiser for misappropriation of trade secrets. The plaintiffs, citing New York Civil Practice Law ("N.Y. CPLR") §§ 5001 and 5004, request prejudgment interest at a "rate of 9%

2

per annum" on the $1,400,000 awarded for this claim.[1] See Pl.'s Proposed Judgment at 5. The defendants contend that awarding such interest would be "contrary to CPLR § 5001" and that the "[p]laintiffs are not entitled to prejudgment interest on the award for [m]isappropriation of [t]rade [s]ecrets." Def.'s Response at 6.

N.Y. CPLR § 5001 provides as follows:

> Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion.

N.Y. CPLR § 5001(a). This statutory text has been interpreted to apply not only to contract claims, but also to "any tortious conduct caus[ing] pecuniary damage to tangible or intangible property interests." Mallis v. Bankers Tr. Co., 717 F.2d 683, 695 (2d Cir. 1983) (collecting cases); accord Uni-Rty Corp. v. Guangdong Bldg. Fin., Inc., No. 95-cv-9432, 2013 WL 150214, at *1 (S.D.N.Y. Jan. 11, 2013), aff'd, 571 F. App'x 62 (2d Cir. 2014). Accordingly, claims for misappropriation of trade secrets under New York law fall within the scope of N.Y. CPLR § 5001. See, e.g., LinkCo, Inc. v. Fujitsu Ltd., 232 F. Supp. 2d 182, 191-92 (S.D.N.Y. 2002) (under N.Y. CPLR § 5001, plaintiff

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, omissions, emphasis, quotation marks, and citations in quoted text.

3

entitled to prejudgment interest on "damages for trade secret misappropriation"); Softel, Inc. v. Dragon Med. & Sci. Commc'ns Ltd., 891 F. Supp. 935, 943 (S.D.N.Y. 1995) (same), aff'd and remanded, 118 F.3d 955 (2d Cir. 1997); Shamrock Power Sales, LLC v. Scherer, No. 12-cv-8959, 2016 WL 7647597, at *14-15 (S.D.N.Y. Dec. 8, 2016) (same), report and recommendation adopted, No. 12-cv-8959, 2017 WL 57855 (S.D.N.Y. Jan. 4, 2017).

Where, as here, a plaintiff seeks and obtains damages on a claim covered by N.Y. CPLR § 5001(a), "prejudgment interest is recoverable as of right, and should be added to the jury award unless there is a possibility that the jury award already allowed interest."[2] ABKCO Music & Recs. Inc. v. Chimeron LLC, 517 F. App'x 3, 7 (2d Cir. 2013); Trademark Research Corp. v. Maxwell Online, Inc., 995 F.2d 326, 342 (2d Cir. 1993). In this case, it is plain on the face of the verdict that the jury's award of $1,400,000 for the trade-secrets misappropriation claim did not include any interest, because $1,400,000 is the precise amount of loss that the plaintiffs claimed to have incurred when the defendant used misappropriated trade secrets to undermine the Opera Solutions sublease transaction. Moreover, the jury here

---

[2] As the statutory language suggests, N.Y. CPLR § 5001(a) leaves the award and calculation of prejudgment interest in "action[s] of an equitable nature" to "the court's discretion." N.Y. CPLR § 5001(a). Because the plaintiffs here sought and recovered damages for their trade-secrets misappropriation claim, this portion of the statute does not govern and the Court must apply the statute's mandatory text concerning damages awards.

"was not given any instruction to factor [prejudgment] interest into its calculation of . . . monetary loss," and therefore its "verdict does not implicate [the] concern" for duplicative awards of such interest. Uni-Rty Corp., 2013 WL 150214, at *2; see Gierlinger v. Gleason, 160 F.3d 858, 874 (2d Cir. 1998) (trial court could not presume that jury had included prejudgment interest where "the concept of prejudgment interest was at no point mentioned to the jury" and "the size of the award" was not "so great as to suggest that the jury on its own sought to award interest"). Accordingly, because there is no "possibility that the jury award already allowed interest," ABKCO Music, 517 F. App'x at 7, the plaintiffs are entitled to prejudgment interest on the jury's $1,400,000 damages award for misappropriation of trade secrets.

With respect to the calculation of prejudgment interest, New York law mandates that "[i]nterest shall be at the rate of nine per centum per annum." N.Y. CPLR § 5004(a). Furthermore, the amount of interest is to be "computed from the earliest ascertainable date the cause of action existed." Farrell v. Comstock Grp., Inc., 621 N.Y.S.2d 325, 326 (1st Dep't 1995); see N.Y. CPLR § 5001(b). Here, the plaintiffs request that interest be added for the period spanning February 10, 2014, to November 7, 2022, see Pl.'s Proposed Judgment at 5, and the defendants' response is silent as to whether the proposed starting date is

5

proper. In any event, an interest calculation beginning on February 10, 2014, is appropriate because that is the earliest ascertainable date on which the plaintiffs had a cause of action for trade-secret misappropriation. Under New York law, "[a] claim exists for trade secret misappropriation" once the defendant has "used [the] trade secret in breach of an agreement, confidence, duty, or as a result of discovery by improper means." Softel, 891 F. Supp. at 944. In this case, the plaintiffs argued to the jury that the defendant used the plaintiffs' trade secrets to send an anonymous disparaging communication to Opera Solutions, and the evidence presented at trial shows that the anonymous communication was sent on February 10, 2014. See Pl.'s Exs. 60, 61, 66, 67. Thus, the trade-secrets misappropriation claim came into existence on February 10, 2014, at the earliest, and prejudgment interest may be calculated from that date.

The sole case that the defendants cite to challenge this award of prejudgment interest, E.J. Brooks Co. v. Cambridge Sec. Seals, 105 N.E.3d 301 (N.Y. 2018), is inapposite. In that case, the New York Court of Appeals was asked to address the following certified questions:

> 1. Whether, under New York law, a plaintiff asserting claims of misappropriation of a trade secret . . . can recover damages that are measured by the costs the defendant avoided due to its unlawful activity.

6

> 2. If the answer to the first question is "yes," whether prejudgment interest under CPLR [§] 5001(a) is mandatory where a plaintiff recovers damages as measured by the defendant's avoided costs.

E.J. Brooks, 105 N.E.3d at 307. The New York Court of Appeals concluded that "avoided costs" damages were "not a permissible measure of damages," and accordingly, it expressly declined to consider the question on prejudgment interest. Id. at 311; see id. at 313 (the "second certified question" is "not answered" because it is "unnecessary"). Thus, E.J. Brooks does not stand for the proposition that prejudgment interest is unavailable for a trade-secrets misappropriation claim, nor does it cast doubt on the other cases making clear that such interest is mandatory under the circumstances here.

In short, the defendant's objection to the inclusion of prejudgment interest on the damages awarded for the plaintiffs' trade-secret misappropriation claim is overruled. The plaintiffs are entitled to prejudgment interest calculated at a rate of nine percent per year, from February 10, 2014, to November 7, 2022,[3]

---

[3] The plaintiffs have only sought prejudgment interest up to November 7, 2022, and therefore prejudgment interest has been calculated only up to that date. The Clerk's Office calculated the amount of prejudgment interest to which the plaintiffs are entitled based on the date range requested by the plaintiffs (February 10, 2014, to November 7, 2022), and that amount differed somewhat from the amount of prejudgment interest provided by the plaintiffs in the proposed judgment. The final judgment reflects the amount of prejudgment interest as calculated by the Clerk's Office.

7

on the $1,400,000 in damages awarded for the claim of misappropriation of trade secrets against Mr. Verschleiser.[4]

## II.

The defendants devote the bulk of their response to the argument that Federal Rule of Civil Procedure 68 requires the plaintiffs to cover all costs incurred since May 1, 2018, the date on which the defendants claim to have made an offer of judgment to the plaintiffs. Rule 68 provides that an offeree who rejects an offer of judgment must pay the costs incurred after the offer was made if and only if the judgment finally obtained by the offeree is "not more favorable" than the offer. See Fed. R. Civ. P. 68(d). Rule 68 is, in essence, a "cost-shifting rule"

---

[4] In calculating the damages to be awarded in the judgment, the plaintiffs also include prejudgment interest at a rate of nine percent per year on the $1.00 in nominal damages awarded for each of the plaintiffs' claims of tortious interference with existing and prospective contractual relations, conversion, and breach of contract. See Pl.'s Proposed Judgment at 5. In their response, the defendants fail to object to the inclusion of prejudgment interest for these claims. Accordingly, any such objection has been forfeited. See Hamilton v. Atlas Turner, Inc., 197 F.3d 58, 61 (2d Cir. 1999) (when a party "fail[s] to make the timely assertion of a right" or "a defense," that right or defense is "forfeited"). Moreover, the addition of this prejudgment interest will not affect any analysis as to the allocation of costs and fees under Federal Rule of Civil Procedure 68. Accordingly, pursuant to the plaintiffs' request, the final judgment in this action will include prejudgment interest at a rate of nine percent per year, calculated from February 10, 2014, to November 7, 2022, on the nominal damages awarded in connection with the plaintiffs' state-law claims of conversion, breach of contract, tortious interference with existing contracts, and tortious interference with prospective contractual relations. See Pl.'s Proposed Judgment at 5.

8

that affects the allocation of attorneys' fees and costs, and the application of this Rule requires a comparison between the offer and the judgment in the action. See Reiter v. MTA N.Y.C. Transit Auth., 457 F.3d 224, 229 (2d Cir. 2006). The inclusion of prejudgment interest for the claim of misappropriation of trade secrets will likely affect the analysis of any argument under Rule 68. Accordingly, the Court declines to consider the defendants' Rule 68 arguments at this juncture. Once a final judgment has been entered, the defendants will be free to raise their Rule 68 arguments in a postjudgment motion, and the Court will take any such arguments into account in determining the proper amount of attorneys' fees and costs to be awarded.[5]

### III.

The Court has identified several additional issues raised by the proposed judgment and the defendants' response. These issues are addressed below.

First, the plaintiffs' proposed judgment states that the "jury returned a verdict in favor of Plaintiffs and against Verschleiser" on Counts V and VI for "violation of [the] ECPA," referring to the Electronic Communications Privacy Act. Pl.'s

---

[5] In a "Supplemental Brief" filed on November 21, 2022, the plaintiffs contest the defendants' arguments regarding Rule 68 and dispute the defendants' claim that a $2,500,000 offer of judgment was made. See ECF No. 589. If the defendants reassert their Rule 68 arguments in a postjudgment motion, the plaintiffs may raise their counterarguments at that time, and the Court will consider both parties' positions on the Rule 68 issue.

9

Proposed Judgment at 3-4. That statement is erroneous. Although the jury found that "Verschleiser violate[d] the Electronic Communications Privacy Act," the jury then selected "No" when asked whether "Verschleiser's violation of the Electronic Communications Privacy Act cause[d] injury to Plaintiffs." Special Verdict Form, Questions 9-10. Accordingly, the jury's award of $33,000 in damages for the plaintiffs' various federal hacking claims necessarily omits any damages for violations of the ECPA in particular. The proposed judgment also erroneously states that the jury "returned a verdict for . . . Verschleiser on Count[] VII," which is the plaintiffs' claim under the Stored Communications Act. That claim should instead be listed with the claims for which the jury found Verschleiser liable. See Special Verdict Form, Questions 13-14. And Count VIII, one of the two libel per se counts against Verschleiser, must be added to the list of claims resolved in Verschleiser's favor. See Special Verdict Form, Question 17.

Second, the defendants' response suggests that the final judgment in this action should "dismiss[], with prejudice," the claims against Multi Group. Def.'s Response at 10. However, the Court previously entered a default judgment against Multi Group on the two RICO counts asserted against it, and simply "denied without prejudice" the request for a damages assessment "until after the trial." ECF No. 475; see 2d Am. Consol. Compl., ECF

10

No. 71, ¶¶ 298, 307. Thus, the Court rejects the defendants' suggestion that Multi Group must be dismissed from the action. The plaintiffs appropriately suggest that Multi Group should instead be held jointly and severally liable for the jury's nominal damages award on the RICO claims, trebled to $3.00 in accordance with 18 U.S.C. § 1964(c), and for any fees or costs ultimately awarded pursuant to that statute. See Pl.'s Proposed Judgment at 6.

## CONCLUSION

The Court has considered all of the parties' arguments. To the extent not discussed above, the arguments are either moot or without merit. For the foregoing reasons, the plaintiffs are entitled to prejudgment interest at a rate of nine percent per year, calculated from February 10, 2014, to November 7, 2022, on their state-law claim against Verschleiser for misappropriation of trade secrets and on the four state-law claims for which the jury awarded nominal damages. The Court will resolve any issues pertaining to Rule 68, as well as all disputes affecting awards of attorneys' fees and costs, in any postjudgment proceedings.

To the extent the determinations above affect the contents of the judgment, the final judgment in these consolidated cases will reflect those rulings. In all other respects, the Court adopts the substance of the plaintiffs' proposed judgment.

A final judgment in No. 14-cv-5903 and No. 14-cv-8084 will be entered upon the filing of this Memorandum Opinion and Order.

**SO ORDERED.**

Dated:    **New York, New York**
           **November 25, 2022**

                                                John G. Koeltl
                                        **United States District Judge**